United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAI TRANG THI NGUYEN,

Plaintiff,

v.

CITY OF SAN JOSE, et al.,

Defendants.

Case No. 5:21-cv-00092-EJD

**ORDER FOLLOWING SEPT. 14 CONFERENCE**

The Court held a further pretrial conference on September 14, 2026, to address outstanding objections regarding evidence counsel sought to reference or display during opening statements. This Order memorializes the Court's oral rulings and resolves matters taken under submission.

Regarding evidence of William Gerry's convictions for crimes committed against other massage business employees or owners,[1] the Court will permit Counts 10, 14, and 16 to come into evidence. The Court finds these convictions regarding bribery and extortion have sufficient relevance to Gerry's employment and the City's supervision because each count required a finding that Gerry abused his power as a government official. *See* Cal. Pen. Code §§ 68(a), 518(a). However, the Court will not permit these convictions to come into evidence through Exhibits 32 and 33. The Court finds these documents pose a high risk of juror confusion under FRE 403. The Court will instead provide Plaintiff the opportunity to draft a brief statement, similar to the statement of facts, describing the convictions for the Court to review and, if approved, read into the record for the jury. Plaintiff may reference these convictions during opening statements

[1] This ruling relates to Plaintiff's Motion in Limine No. 2. *See* MILs Order 2–3, ECF No. 166.

following the Court's review and approval. The City's objections remain noted for the record.

Regarding the bodycam footage of Plaintiff in the psychiatric hospital,[2] the Court sustains the City's hearsay objections to Exhibit 35. The Court finds Plaintiff's description of Gerry's abuse in Exhibit 35 does not constitute an "excited utterance" under FRE 803(2). Plaintiff's statements occurred approximately one year after Gerry's abuse and were prompted by officer questioning. While Plaintiff was visibly emotional and provided the statements from a psychiatric hospital following her voluntary commitment, there was no "startling" event that prompted a "spontaneous exclamation" under this exception. *See contra United States v. Napier*, 518 F.2d 316, 318 (9th Cir. 1975) (finding the exclamation "he killed me!" in immediate response to seeing a picture of the alleged assailant for the first time seven weeks after the assault qualified as an excited utterance). The Court otherwise overrules the City's hearsay objection to Plaintiff's statement that Gerry was a "police officer" in Exhibit 34. Plaintiff does not seek to introduce this evidence for the truth of the matter asserted but rather to show Plaintiff's state of mind and belief at that time that Gerry was a police officer. However, the Court will not permit Plaintiff to display Exhibit 34 during opening statements. The Court will also not permit the City to reference the fact that Plaintiff was arrested prior to her interview in Exhibit 34 during opening statements.[3] The Court will defer admissibility of Exhibit 34 and evidence of Plaintiff's arrest to Plaintiff's case-in-chief. The Court will examine admissibility further and discuss with counsel prior to admission sought.

**IT IS SO ORDERED.**

Dated: September 14, 2026

EDWARD J. DAVILA
United States District Judge

[2] This ruling relates to Plaintiff's Motion in Limine No. 5. *See* MILs Order 5.
[3] This ruling relates to Plaintiff's Motion in Limine No. 4. *See* MILs Order 5.