United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DAI TRANG THI NGUYEN,<br>Plaintiff,<br>v.<br>CITY OF SAN JOSE,<br>Defendant. | Case No. 5:21-cv-00092-EJD<br>**FINAL JURY INSTRUCTIONS** |

DATED: September 29, 2025

JUDGE EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

**INSTRUCTION NO. 1**

**DUTY OF THE JURY**

Members of the Jury: Now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

**INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I have given you a brief summary of the positions of the parties:

Dai Nguyen asserts that Defendant the City of San Jose violated her civil rights by acting with deliberate indifference to the substantial risk that its policies, customs, or practices of the City of San Jose, including its supervision of William Gerry, were inadequate to prevent Gerry from violating her civil rights. Ms. Nguyen has the burden of proving these claims.

Defendant the City of San Jose denies those claims.

United States District Court
Northern District of California

**INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

**INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

**INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

## INSTRUCTION NO. 6

### EVIDENCE FOR LIMITED PURPOSE

Some evidence was admitted only for a limited purpose.

When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose.

United States District Court
Northern District of California

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

**INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered, or the exhibit was received. If I sustained the objection, the question could not be answered, and the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

United States District Court
Northern District of California

**INSTRUCTION NO. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

**INSTRUCTION NO. 10**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court
Northern District of California

**INSTRUCTION NO. 11**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

United States District Court
Northern District of California

**INSTRUCTION NO. 12**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that were read to you. You must therefore treat these facts as having been proved. The agreed facts are:

1. William Gerry pled no contest to, and was convicted of, one count of battery with intent to commit sexual assault of Dai Nguyen.

2. William Gerry pled no contest to, and was convicted of, one count of extortion of Dai Nguyen.

3. The acts of William Gerry deprived plaintiff Dai Nguyen of particular rights under the United States Constitution; and

4. William Gerry purported to act under color of law when committing these acts.

No evidence is required to prove these facts, and you must accept them as proved.

United States District Court
Northern District of California

**INSTRUCTION NO. 13**

**JUDICAL NOTICE**

The court has decided to accept as proved the following facts.

William Gerry pled no contest and was convicted of three felony offenses involving persons other than Plaintiff Dai Nguyen as follows:

1. Asking for or receiving a bribe from Kathy Nguyen.
2. Asking for or receiving a bribe from Zuolon Zhang.
3. Extortion against Min Qiang Fang.

You must accept these facts as true.

United States District Court
Northern District of California

**INSTRUCTION NO. 14**

**FOREIGN LANGUAGE TESTIMONY**

You have heard testimony of a witness who testified in the Vietnamese language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Vietnamese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party.

United States District Court
Northern District of California

## INSTRUCTION NO. 15

## EXPERT OPINION TESTIMONY

You have heard testimony from Dr. Lynn Ponton, Lieutenant Antonio Flores, and Dr. John Greene who testified to opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

**INSTRUCTION NO. 16**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

**INSTRUCTION NO. 17**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically are provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not

remove the computer or any electronic data from the jury room, and do not copy any such data.

United States District Court
Northern District of California

**INSTRUCTION NO. 18**

**CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 1983**

Plaintiff Dai Nguyen brings her claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court
Northern District of California

**INSTRUCTION NO. 19**

**MUNICIPAL LIABILITY — OFFICIAL POLICY OR CUSTOM (*MONELL*)**

To prevail on her § 1983 claim against defendant City of San Jose, plaintiff Dai Nguyen must prove each of the following elements by a preponderance of the evidence:

First, the acts of William Gerry deprived plaintiff Dai Nguyen of her particular rights under the United States Constitution (the parties have stipulated that they did);

Second, William Gerry purported to act under color of state law (the parties have stipulated that he did);

Third, the policies, customs, or practices of the City of San Jose, including its supervision of William Gerry, were not adequate to prevent violations of law by William Gerry;

Fourth, the defendant City of San Jose was deliberately indifferent to the known or obvious consequences of its policies, customs, or practices of the City of San Jose, including its supervision of William Gerry, and

Fifth, defendant City of San Jose's policies, customs, or practices of the City of San Jose, including its supervision of William Gerry, caused the deprivation of Plaintiff Dai Nguyen's rights, that is, played a substantial part in bringing about or actually causing the injury or damage to Ms. Nguyen.

A "policy" is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. "Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant City of San Jose. A policy, practice, or custom of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations.

"Deliberate indifference" is the conscious choice to disregard a known or obvious consequence of one's acts or omissions. Plaintiff may prove deliberate indifference by showing that the facts available to the City of San Jose put it on actual or constructive

notice that its failure to implement adequate policies or to supervise adequately was substantially certain to result in the violation of the constitutional rights of persons such as plaintiff Dai Nguyen due to William Gerry's conduct.

If you find that plaintiff Dai Nguyen has proved the third, fourth and fifth elements, your verdict should be for plaintiff Dai Nguyen. If, on the other hand, plaintiff Dai Nguyen has failed to prove any one or more of these three elements, your verdict should be for defendant City of San Jose.

United States District Court
Northern District of California

## INSTRUCTION NO. 20

## DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff Dai Nguyen on her claim, you must determine her damages. Plaintiff Dai Nguyen has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff Dai Nguyen for any injury you find was caused by defendant the City of San Jose. In determining the measure of damages, you should consider:

- The nature and extent of the injuries;
- The disability and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
- The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;
- The payments made to William Gerry; and
- The reasonable value of necessary mental health care, treatment, and services that with reasonable probability will be required in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

United States District Court
Northern District of California

**INSTRUCTION NO. 21**

**AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

Dai Nguyen is not entitled to damages for any physical or emotional condition that she had before the City of San Jose's conduct occurred. However, if Dai Nguyen had a physical or emotional condition that was made worse by the City of San Jose's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

United States District Court
Northern District of California

**INSTRUCTION NO. 22**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

**INSTRUCTION NO. 23**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any

research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 24**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**INSTRUCTION NO. 25**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.